| AOC-104  Doc. Code: CCCS<br>Rev. 12-20<br>Page 1 of 1<br><br>Commonwealth of Kentucky<br>Court of Justice    www.kycourts.gov | <br><br>**CIVIL CASE COVER SHEET** | Case No. _____<br>Court **CIRCUIT**<br>County **Henry**<br>Division **CIVIL** |
|---|---|---|

**VICTOR WASHINGTON** _____  **PLAINTIFF/PETITIONER**

VS.

**JOSEPH QUICK & HOT SHOT EXPRESS, INC.** _____  **DEFENDANT/RESPONDENT**

☐ Check here if **YOU DO NOT HAVE AN ATTORNEY** and are **REPRESENTING YOURSELF** (a Self-Represented *[Pro Se]* Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**DOMESTIC RELATIONS**
☐ Dissolution/Divorce with Children
☐ Dissolution/Divorce without Children
☐ Paternity
☐ Custody
☐ URESA/UIFSA
☐ Visitation/Parenting Time
☐ Voluntary Termination of Parental Rights
☐ Involuntary Termination of Parental Rights
☐ Adoption
☐ Other: _____

**PROBATE / ESTATE**
☐ Guardianship-Adult
☐ Guardianship-Juvenile
☐ Guardianship-Conservatorship
☐ Probate-Testate (with a will)
☐ Probate-Intestate (without a will)
☐ Petition to Dispense with Administration
☐ Name Change
☐ Other: _____

**TORT** (Injury)
☒ Automobile
☐ Intentional
☐ Malpractice-Medical
☐ Malpractice-Other _____
☐ Premises Liability
☐ Product Liability
☐ Property Damage
☐ Slander/Libel/Defamation
☐ Other: _____

**REAL PROPERTY**
☐ Property Rights
☐ Condemnation
☐ Forcible Detainer (Eviction)
☐ Forcible Entry
☐ Foreclosure
☐ Other: _____

**BUSINESS / COMMERCIAL**
☐ Business Tort
☐ Statutory Action
☐ Business Contract Dispute
☐ Other: _____

**CONSUMER**
☐ Automobile Loan
☐ Credit Card
☐ Sale-Purchase Consumer Goods
☐ Fraud
☐ Personal Loan
☐ Sale-Purchase Consumer Services
☐ Other: _____

**APPEALS**
☐ Appeal from Administrative Agency
☐ Appeal from District Court
☐ Other: _____

**MISC CIVIL**
☐ Habeas Corpus
☐ Non-Domestic Relations Restraining Order
☐ Tax
☐ Writs
☐ Other: _____

**EMPLOYMENT**
☐ Employment-Discrimination
☐ Employment-Other

Presiding Judge: HON. JERRY D. CROSBY II (612409)

CCCS : 000001 of 000001

COMMONWEALTH OF KENTUCKY
HENRY CIRCUIT COURT
DIVISION NO. _____
CIVIL ACTION NO. _____

VICTOR WASHINGTON                                                          PLAINTIFF

VS.                       **COMPLAINT AND JURY DEMAND**

JOSEPH QUICK                                                               DEFENDANTS

    SERVE:   ***VIA SECRETARY OF STATE***
                      Joseph T. Quick
                      11143 Corine Ave.
                      Cincinnati, OH 45242.

AND

HOT SHOT EXPRESS, INC.

    SERVE:   ***VIA SECRETARY OF STATE***
                      James J. Koegel (President)
                      654 Enterprise Dr.
                      Limerick, PA 19468

AND

TRUCKING INVESTMENTS INC.

    SERVE:   ***VIA SECRETARY OF STATE***
                      James J. Koegel (President)
                      100 Industry Dr.
                      Pittsburgh, PA 15275

**** **** **** **** ****

Comes the Plaintiff, Victor Washington, by counsel, and for his Complaint against the Defendants, states and alleges as follows:

**JURISDICTION AND VENUE**

1.    The Plaintiff, Victor Washington, is and was at all times relevant hereto a citizen and resident of Jackson, Hinds County, Mississippi.

2. The Defendant, Joseph Quick, to the best of Plaintiff's knowledge and belief, is and was at all times relevant hereto a citizen and resident of Ohio whose last known address is 11143 Corine Ave., Cincinnati, OH 45242.

3. Defendant, Hot Shot Express, Inc., to the best of Plaintiff's knowledge and belief, was at all times relevant hereto a Pennsylvania Corporation and duly licensed Interstate Motor Carrier with a principal office located at 654 Enterprise Dr., Limerick, PA 19468. Defendant Hot Shot Express, Inc. is without an agent for service of process within the Commonwealth of Kentucky and should, therefore, be served with process upon the Kentucky Office of the Secretary of State, The Capitol Building, 700 Capital Avenue, Suite 86, Frankfort, KY 40601, for service upon Defendant's President and Secretary, James J. Koegel, who may be served at 654 Enterprise Dr., Limerick, PA 19468.

4. Defendant, Trucking Investments, Inc., to the best of Plaintiff's knowledge and belief, was at all times relevant hereto a Pennsylvania Corporation and duly licensed Interstate Motor Carrier with a principal office located at 100 Industry Dr., Pittsburgh, PA 15275. Defendant Trucking Investments, Inc. is without an agent for service of process within the Commonwealth of Kentucky and should, therefore, be served with process upon the Kentucky Office of the Secretary of State, The Capitol Building, 700 Capital Avenue, Suite 86, Frankfort, KY 40601, for service upon Defendant's President, James J. Koegel, who may be served at 100 Industry Dr., Pittsburgh, PA 15275.

5. Plaintiff's claims against Defendants arise out of an automobile accident which occurred on June 4, 2020, in Henry County, Kentucky.

6. Jurisdiction is appropriate as the accident occurred in Henry County, and Plaintiff's claims exceed this Court's minimum jurisdictional requirements.

## COUNT I

7.     The Plaintiff adopts, reiterates and incorporates by reference as though set forth fully herein each and every allegation contained within Paragraphs 1 through 6 above.

8.     On June 4, 2020, Joseph Quick operated a truck in a negligent, careless and reckless manner by failing and forgetting to set his breaks prior to leaving his vehicle, thereby causing a collision with the vehicle occupied by Plaintiff at a Pilot/McDonalds parking lot in the city of Pendleton, Henry County, Kentucky.

9.     As a direct and proximate result of the negligence, carelessness, and recklessness of Joseph Quick as set forth above, Victor Washington sustained serious personal injuries and resulting damages including but not limited to past and future medical expenses; past and future wage loss; impairment to his ability to work and earn money; loss of enjoyment of life; past and future mental and physical pain and suffering; and any and all other damages for which he is entitled, all in excess of this Court's minimum jurisdictional requirements.

## COUNT II

10.    The Plaintiff adopts, reiterates and incorporates by reference as though set forth fully herein each and every allegation contained within Paragraphs 1 through 9 above.

11.    Joseph Quick was acting within the course and scope of his employment/agency relationship with Hot Shot Express, Inc. at all times relevant hereto.

12.    The truck driven by Joseph Quick, which struck Victor Washington, was collectively owned, leased, and/or otherwise controlled by Hot Shot Express, Inc. and Trucking Investments, Inc.

13.    As the employer and/or contractor and/or principal of Joseph Quick, Hot Shot Express, Inc. and Trucking Investments, Inc. are responsible for the actions and negligence of its

3

employee, agent, and/or subcontractor, Joseph Quick, under the doctrines of master/servant, *Respondeat Superior*, agency, and all other applicable doctrines.

14. As Plaintiff is a member of a class for whose benefit the Federal Motor Carrier Safety Regulations were passed, Hot Shot Express, Inc. and Trucking Investments, Inc. are responsible for their own actions and/or inactions in violating same with said violations constituting negligence per se.

15. Hot Shot Express, Inc. and Trucking Investments, Inc. are responsible for their own actions and/or inactions for negligently failing to train and supervise Joseph Quick.

16. Hot Shot Express, Inc. and Trucking Investments, Inc. are responsible for their own actions and/or inactions for negligently maintaining the truck driven by Joseph Quick in a safe and prudent fashion.

17. As a direct and proximate result of the direct negligence, recklessness, and regulatory violations of Hot Shot Express, Inc. and Trucking Investments, Inc., as well as the negligence and recklessness of its employee, agent, and/or sub-contractor Joseph Quick, Victor Washington sustained serious personal injuries and resulting damages including but not limited to past and future medical expenses; past and future wage loss; impairment to his ability to work and earn money; loss of enjoyment of life; past and future mental and physical pain and suffering; and any and all other damages for which he is entitled, all in excess of this Court's minimum jurisdictional requirements.

WHEREFORE, the Plaintiff, Victor Washington, respectfully demands judgment against the Defendants for all claimed damages to which he is entitled including but not limited to:

    a. Past and future medical expenses;

    b. Past and future pain and suffering;

c. Loss of enjoyment of life;

d. Past and future wage loss;

e. Replacement Services;

f. Punitive Damages

g. Permanent physical impairment; and

h. Damages for impairment of Plaintiff's ability to work and earn money in the future;

i. His costs expended in the prosecution of this action including a reasonable attorney's fee;

j. Pre- and post- judgment interest at the then applicable legal rate; and

k. Any and all other just and proper relief to which he may appear to be entitled, including, a TRIAL BY JURY.

Respectfully submitted,

HICKS & FUNFSINN, PLLC

*/s/ Kenneth C. Human*
Gregory M. Funfsinn
Kenneth C. Human
431 South Broadway, Suite 331
Lexington, Kentucky 40508
Telephone:   859.777.7000
Fax:              859.787.0514
greg@hfkylawyers.com
kenny@hfkylawyers.com
*Counsel for Plaintiff, Victor Washington*

5

| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice   *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **21-CI-00186**<br>Court:   **CIRCUIT**<br>County: **HENRY** |

*Plantiff,* **WASHINGTON, VICTOR VS. HOT SHOT EXPRESS, INC. ET AL**, *Defendant*

TO:   **HOT SHOT EXPRESS, INC.**
     **JAMES J. KOEGEL (PRESIDENT)**
     **654 ENTERPRISE DRIVE**
     **ROYERSFORD, PA 19468**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*/s/ Jennifer Rankin*
Henry Circuit Clerk
Date: **11/30/2021**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20____   _____
                                                Served By

                                                      _____
                                                      Title

*Presiding Judge: HON. JERRY D. CROSBY II (612409)*

Summons ID: @00001024001
CIRCUIT: 21-CI-00186 Long Arm Statute – Secretary of State
WASHINGTON, VICTOR VS. HOT SHOT EXPRESS, INC. ET AL



Page 1 of 1


eFiled

CI : 000001 of 000001

| | | |
|---|---|---|
| AOC-E-105   Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice   *Courts.ky.gov*<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | NOT ORIGINAL DOCUMENT<br>01/03/2022  Case #: **21-CI-00186**<br>SRHICKEY@HPPLAW.COM<br>Court: **CIRCUIT**<br>County: **HENRY** |

*Plantiff,* **WASHINGTON, VICTOR VS. HOT SHOT EXPRESS, INC. ET AL**, *Defendant*

TO:   **TRUCKING INVESTMENTS, INC.**
      **JAMES J. KOEGEL (PRESIDENT)**
      **100 INDUSTRY DRIVE**
      **PITTSBURGH, PA 15275**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*/s/ Jennifer Rankin*
Henry Circuit Clerk
Date: **11/30/2021**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 ____       Served By _____

                                  Title _____

Summons ID: @00001024002
CIRCUIT: 21-CI-00186 Long Arm Statute – Secretary of State
WASHINGTON, VICTOR VS. HOT SHOT EXPRESS, INC. ET AL



Page 1 of 1



Presiding Judge: HON. JERRY D. CROSBY II (612409)

CI : 000001 of 000001

COMONWEALTH OF KENTUCKY
HENRY CIRCUIT COURT
CIVIL ACTION NO. 21-CI-00186

VICTOR WASHINGTON                                                                       PLAINTIFF

v.            **ANSWER OF DEFENDANTS TO COMPLAINT**

JOSEPH QUICK
HOT SHOT EXPRESS, INC.
and
TRUCKING INVESTMENTS INC.                                                      DEFENDANTS

Defendants Joseph Quick, Hot Shot Express, Inc. and Trucking Investments Inc., for their Answer to the Complaint in the above-styled action, state:

**FIRST DEFENSE**

1.      The complaint fails to state a cause of action that is within the jurisdiction of this Court or upon which relief can be granted against Defendants.

**SECOND DEFENSE**

2.      Each allegation of the complaint not specifically admitted to be true is denied.

3.      Defendants are without sufficient information to ascertain the truth of paragraphs 1, 8, 9, 11, and 17 of the complaint, therefore those allegations are deemed to be denied and strict proof thereof is demanded.

4.      Defendants admit paragraphs 2 and 5 of the complaint.

5.      Defendants admit so much of paragraphs 3 and 4 of the complaint as describes the corporate identity and address of Hot Shot Express, Inc. and Trucking Investments, Inc. The remainder of paragraph 3 of the complaint consists of legal conclusions for which a responsive pleading is neither required nor appropriate.

-1-

6. Paragraphs 6, 13, 14, 15, and 16 of the complaint consist of legal conclusions for which a responsive pleading is neither required nor appropriate. To the extent those paragraphs may be construed to allege factual matters, those allegations are denied.

7. In response to paragraphs 7 and 10 of the complaint, Defendants adopt their responses and affirmative defenses to the paragraphs referred to therein.

8. Defendants admit so much of paragraph 12 of the complaint as may be construed to allege that the vehicle operated by Joseph Quick on June 4, 2020 was owned or leased by Hot Shot Express, Inc. and/or Trucking Investments, Inc. Defendants deny the remainder of paragraph 12 of the complaint.

## THIRD DEFENSE

9. The damages and any claim asserted by Plaintiff against Defendants were substantially or solely caused by the contributory or comparative negligence of Plaintiff and/or others, and apportionment of fault may be appropriate.

## FOURTH DEFENSE

10. The damages claimed by Plaintiff may have been caused or brought about, if at all, by the active and primary negligence, or the intervening and superseding negligence or acts, of other parties over whom Defendants had no control and for whom Defendants have no liability.

## FIFTH DEFENSE

11. Plaintiff's claims are barred, in whole or in part, on the grounds that Kentucky's Motor Vehicle Reparations Act, KRS §304.39-010, *et seq.* provides the exclusive remedy for the injuries and damages claimed and Defendants assert each and every defense available thereunder.

-2-

### SIXTH DEFENSE

12. To the extent that any person or entity has paid any amount to or on behalf of Plaintiff as the result of the damages claimed in the complaint and has not been properly notified of its subrogation rights pursuant to KRS §411.188, the complaint is barred. In the alternative, Plaintiff is precluded from recovering the amount of the benefits subject to subrogation rights and evidence of payments made on behalf of Plaintiff is admissible. To the extent such payments were made, Plaintiff is not the real party in interest and Defendants reserve each and every defense, credit, offset, and deduction provided by law.

### SEVENTH DEFENSE

13. Plaintiff has a duty to mitigate his damages and the damages, if any, must be reduced to the extent Plaintiff failed to mitigate his damages.

### EIGHTH DEFENSE

14. Liability for Plaintiff's damages, if any, must be apportioned among those at fault. Depending upon the facts determined in discovery, Plaintiff's claims may be barred on the ground that he failed to join an indispensable party without whom complete relief cannot be accorded among those already parties.

### NINTH DEFENSE

15. Plaintiff has failed to plead special damages with specificity as required by Rule 9(g) of the Federal Rules of Civil Procedure and Rule 9.6 of the Kentucky Rules of Civil Procedure. His claims for special damages, if any, are therefore barred.

-3-

**TENTH DEFENSE**

16. Depending upon the facts revealed in discovery, Plaintiff's claims may be barred by payment, estoppel, fraud, failure of conditions precedent, waiver, lack of standing, limitations, spoliation, lack of personal jurisdiction, and/or improper venue.

**ELEVENTH DEFENSE**

17. Plaintiff's claims are barred by the doctrine of last clear chance, unavoidable accident, and/or sudden emergency.

**TWELFTH DEFENSE**

18. Defendants plead lack of and/or improper service of process as a complete defense to the claims asserted in the complaint.

**THIRTEENTH DEFENSE**

19. Plaintiff's claim for punitive damages is barred by the prohibition against excessive damages contained in the Eighth Amendment to the United States Constitution, by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and by Sections IV and XIV of the Kentucky Constitution.

**FOURTEENTH DEFENSE**

20. Plaintiff's claim for punitive damages is barred by the provisions of KRS §411.184.

**FIFTEENTH DEFENSE**

21. Defendants reserve the right to file further pleadings and assert other defenses as the proof develops, including but not limited to cross-claims and/or third party claims.

**WHEREFORE,** Defendants Joseph Quick, Hot Shot Express, Inc. and Trucking Investments Inc. respectfully demand:

-4-

1.  Dismissal of the complaint with prejudice;

2.  Recovery of their costs expended and attorney fees, where allowed by law, incurred in the defense of this action;

3.  Indemnity, contribution, offset; and/or apportionment where appropriate; and

4.  Any and all other relief to which they are entitled.

> Respectfully submitted,
>
> KOPKA PINKUS DOLIN, PC
> Stockard R. Hickey III (KBA 83077)
>
> /s/ Stockard R. Hickey III
> 462 South Fourth Street, Suite 101
> Louisville, Kentucky 40202
> (502) 785-2809
> srhickey@kopkalaw.com
> Counsel for Defendants Joseph Quick, Hot Shot Express, Inc. and Trucking Investments Inc.

## CERTIFICATE OF SERVICE

I hereby certify that, on December 23, 2021, the foregoing Answer to the Complaint was electronically filed with the clerk of court by using the KCOJ eFiling system, which will effect service on all KCOJ eFiling participants.

> /s/ Stockard R. Hickey III
> Counsel for Defendants Joseph Quick, Hot Shot Express, Inc. and Trucking Investments Inc.,

-5-