UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| VICTOR WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:22-cv-00001-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JOSEPH QUICK, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

*** *** *** ***

This matter is before the Court on Plaintiff's Motion to Remand [R. 6.]  Plaintiff Victor

Washington contends that remand is proper because the amount in controversy in this dispute

does not exceed $75,000.  For the reasons that follow, Plaintiff's Motion to Remand [**R. 6**] is

**GRANTED**.

**I**

On June 24, 2020, Defendant Victor Quick forgot "to engage his parking brake" before

exiting his tractor. [R. 6-3 at 1.]  Consequently, Quick's tractor rolled across the parking lot and

hit a tractor that Plaintiff Victor Washington was "in the process of entering." *Id.* Washington

was harmed in the accident. *Id.*  After each party retained counsel, settlement negotiations were

undertaken, at which time Washington demanded $95,000 and Quick offered $30,000. *Id.*

Because no agreement was reached, suit was filed in Henry County Circuit Court on November

30, 2021. *Id.* at 2.  Quick removed this matter to federal court on January 3, 2022 based on

diversity jurisdiction.  [R. 1.]  Though neither party disputes diversity of citizenship, Washington

seeks remand to state court because he contends that the amount in controversy does not exceed

$75,000, and because Quick failed to "pursue formal means of investigating the amount in

controversy such as through written discovery and/or an offered stipulation regarding damages."

[R. 6-3 at 2.]  Further, because of Quick's alleged failure to act, Washington also seeks

attorney's fees.  *Id.* at 5-6.  In opposition to remand, Quick argues that Washington's initial

demand of $95,000 proves "more likely than not" that the amount in controversy exceeds

$75,000.  [R. 8 at 2-5 (collecting cases).]  This matter is now ripe for review.

## II

A defendant may remove a civil action brought in state court to federal court only if the

action is one over which the federal court could have exercised original jurisdiction.  *See* 28

U.S.C. §§ 1441, 1446.  This Court has original "diversity" jurisdiction over all civil actions when

"the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

and the dispute is between" parties who are "citizens of different states."  *See* 28 U.S.C. §

1332(a)(1).  Because federal courts are courts of limited jurisdiction, any doubts regarding

federal jurisdiction should be construed in favor of remanding the case to state court.  *Shamrock*

*Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Cole v. Great Atlantic & Pacific Tea*

*Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990) (citations omitted).

In determining the appropriateness of remand, a court must consider whether federal

jurisdiction existed at the time the removing party filed the notice of removal.  *Ahearn v. Charter*

*Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).  Further, the defendant bears the burden

of showing that removal was proper.  *Fenger v. Idexx Laboratories*, 194 F. Supp. 2d 601, 602

(E.D. Ky. 2002) (citations omitted).  When the $75,000 amount in controversy requirement for

diversity jurisdiction is in dispute, "the removing defendant must show that it is 'more likely than

not' that the plaintiff's claims meet the amount in controversy requirement."  *Rogers v. Wal-*

*Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 200) (internal citations omitted).

There is no dispute that the parties are diverse.  Instead, the contention between the parties is whether the amount in controversy exceeds $75,000.  Plaintiff Washington argues that the amount in controversy does not exceed $75,000 and has filed a stipulation of damages in support. [R. 6-6.]  Washington also contends that Defendant Quick cannot rely on his initial settlement offer and that his post-removal stipulation is binding because Quick did not conduct pre-removal discovery.  [*See* R. 6-3 at 2-5.]  In opposition, Quick argues (1) Washington's pre-removal settlement offer constitutes evidence that his damages exceed $75,000 "more likely than not," (2) the Court cannot rely on Washington's post-removal damages stipulation, and (3) that removal was proper.  [R. 8 at 4-8.]

**A**

The Court turns first to Plaintiff Washington's contention that his post-removal damages stipulation is binding because Defendant Quick did not conduct pre-removal discovery.  Though Washington initially demanded a $95,000 settlement, he now stipulates that "he will not seek or accept an amount of damages in this litigation in excess of $75,000 […]." [R. 6-6.]  Washington also cites case law describing the controlling effect of post-removal damages stipulations.  For example, Washington cites *Cole v. Great Atlantic & Pacific Tea Co*.  In *Cole*, the Court held that when a defendant is "faced with a complaint effectively silent as to damages, the defendant should make an independent inquiry as to the extent of damages or run the risk of remand when the plaintiff provides that information" by a post-removal damages stipulation.  728 F. Supp.at 1309.  Accordingly, Washington argues that his Complaint was "effectively silent as to damages," that Quick made no "independent inquiry as to the extent of damages," and that Quick consequently ran the risk of remand caused by [Washington's] post-removal damages stipulation.  [R. 6-3 at 2-5.]

3

In opposition, Quick first contests the validity of post-removal damages stipulations by citing *Rogers v. Wal-Mart*. In *Rogers*, the Sixth Circuit concluded that "[b]ecause jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction. Therefore, [...] a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require a remand to state court." 230 F.3d at 872. In reliance on *Rogers*, Quick argues that the Court should not consider Washington's post-removal damages stipulation, despite the holding of *Cole*. [*See* R. 8 at 6.]

Next, Quick cites a slew of cases in which district courts have found pre-removal settlement demands to constitute "sufficient evidence to support a finding that the amount in controversy, more likely than not, exceeds the [statutory amount in controversy] threshold." *Id.* at 3 (citing *Conder v. Best Value Inc.*, 2008 U.S. Dist. LEXIS 82178 at *5 (W.D. Ky. Oct. 15, 2008) (holding that a demand letter can be considered relevant evidence of the amount in controversy)); *Whisman v. Perdue Farms, Inc.*, 2007 U.S. Dist. LEXIS 98516 at *2 (E.D. Ky. April 18, 2007) ("The [...] letter is clear evidence that the plaintiffs sought more than $75,000 before removal. Plaintiffs swore that the amount in controversy would not exceed $75,000 only after this case had already been removed."). Under these cases, Quick argues that the Court should consider Washington's $95,000 settlement demand to be satisfactory evidence of his jurisdiction. [R. 8 at 7.]

The Court agrees with Plaintiff Washington that remand is proper, but not for the reasons he proffers. First, the Court finds that *Rogers* controls in this matter, not *Cole*. The holding of *Cole* is that a complaint silent as to damages can be clarified by a post-removal damages stipulation "[w]hen a post-removal stipulation is the first specific statement of the alleged damages." *Tankersely v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 780 (E.D. Ky.

4

July 18, 2014).  Conversely, *Rogers* holds that "[i]f the post-removal stipulation is not the first

reflection of the value of damages but, rather *reduces* the amount of damages below the

jurisdictional level of the Court then remand is not required."  *Id.* at 781 (citing *Rogers*, 230 F.3d

at 872); *see also Powerex Corp v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 (2007)

(abrogating *Rogers* in part by holding that "a case can be properly removed and yet suffer from

failing in subject-matter jurisdiction that requires remand.").

Despite Washington's contention that *Cole* controls, *Rogers* is the relevant, binding

precedent in this matter because Washington's settlement demand, not his post-removal damages

stipulation, is the "first specific statement of the alleged damages."  Consequently, the Court

cannot render his post-removal stipulation controlling and the Court must look to his statement

of damages presented in his settlement demand to determine whether it is more likely than not

that the amount in controversy exceeds $75,000.  *Reynolds v. Wal-Mart Stores E., L.P.*, 2018

U.S. Dist. LEXIS 18067 at *3-*4 (E.D. Ky. Feb. 5, 2108) ("This Court has concluded that pre-

suit demand letters may constitute some evidence of the amount in controversy.  But, standing

alone, they generally do not constitute a preponderance of the evidence.") (internal citations

omitted).  Within its examination, however, the Court must also determine whether the demand

"reflect[s] a reasonable estimate of the plaintiff's claim" because "pre-suit settlement demands

often high-ball the worth of the case or significantly devalue it [] to avoid the risks of going to

trial."  *Id.* at *4, *6 (collecting cases).  Consequently, if the demand fails to reflect a reasonable

estimate of Washington's claim, remand is proper regardless of his original demand in excess of

$75,000.  *See id.*

Having reviewed Plaintiff Washington's settlement demand, the Court finds remand to be

proper because his $95,000 demand does not reflect a reasonable estimate of his claim.  In his

demand, Washington explained that he incurred $17,369 in medical expenses, $13,200 in

temporary total disability payments, and had a workman's compensation lien imposed against

him in the amount of $19,657.53, for a combined total of $50,226.53 [R. 6-5 at 6.] Moreover,

Washington requested an additional $45,000 in damages because the accident rendered him

unable to engage in commercial driving and because he "still experiences pain at night that

caus[es] him trouble sleeping and staying asleep." *Id.* Nonetheless, despite his request in excess

of $75,000, the Court cannot conclusively find by a preponderance of the evidence that the

amount in controversy here exceeds $75,000. *Reynolds*, 2018 U.S. Dist. LEXIS at *5 ("But a

settlement demand is not determinative and is only *some* evidence of the amount in

controversy."). Washington's explicit damages only total $50,226.53. Though he demanded an

additional $45,000 in damages for physical and mental pain and suffering, "it is far from clear

that the additional damages would cause the total to reach the federal amount in controversy

requirement" because his settlement demand does not provide the basis for his additional

damages in specificity. *Id.* Accordingly, because the settlement demand does not establish by a

preponderance of the evidence that the amount in controversy here exceeds $75,000, and

Defendant Quick has provided no further evidence, remand is warranted.

**B**

Having found in favor of remand, the Court must now consider Washington's request for

an award of costs and fees associated with the removal of this action pursuant to 28 U.S.C. §

1447(c). A party seeking an award of costs and fees associated with removal need not

demonstrate "improper purpose" by the removing party. *Morris v. Bridgestone/Firestone, Inc.*,

985 F.2d 238, 240 (6th Cir. 1993). However, the party prevailing on a motion to remand is not

presumptively awarded attorney fees. *Bartholomew v. Collierville*, 409 F.3d 684, 686-87 (6th

6

Cir. 2005). Rather, the District Court, in its own discretion, may award attorney fees and costs following remand of a state court action, *Morris*, 985 F.2d at 240, using a standard that "turn[s] on the reasonableness of removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). Indeed, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* The appropriate test "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress's basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.*

Consistent with the stated policy basis for § 1477(c), this Court is generally reluctant to award fees and costs in association with a remand to state court. In this matter, the impact of a pre-removal settlement demand on the Court's amount in controversy analysis is an area of law which has not yet been fully developed. Due to conflicting Kentucky District Court opinions, Quick's removal was not objectively unreasonable. Thus, Washington's request for attorney's fees and costs is **DENIED**.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion to Remand [R. 6] is **GRANTED**;

2. Plaintiff's Request for Attorney's Fees is **DENIED**;

3. Plaintiff's Motion to Seal an incorrectly filed Memorandum in which an unredacted police report was attached [R. 7] is **GRANTED**.

This the 12th day of April, 2022.

Gregory F. Van Tatenhove
United States District Judge

8